IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| SPRINGLEAF FINANCIAL SERVICES, INC., n/k/a ONE MAIN FINANCIAL SERVICES, INC. | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:18-cv-248 |
| GUILLERMO R. BENAVIDEZ; CYNTHIA ANN BENAVIDEZ; MARY HELEN BENAVIDEZ; YOLANDA BENAVIDEZ JOHNSON; AND GUILLERMO W. BENAVIDEZ, | § § § § § § § | |
| Defendants. | § § | |

## FINAL DEFAULT JUDGMENT AGAINST DEFENDANTS

On this day came on to be considered the above-entitled and numbered cause wherein Springleaf Financial Services, Inc. n/k/a One Main Financial Services, Inc. ("Springleaf" or "Plaintiff") has filed a *Motion for Default Judgment* (the "Motion") against Defendants Guillermo R. Benavidez, Mary Helen Benavidez, Yolanda Benavidez Johnson, Cynthia Ann Benavidez and Guillermo W. Benavidez ("Defendants"). Defendants, although having been duly and legally served, failed to answer, and wholly made default on Plaintiff's claims against them.

### I.

Plaintiff's *Amended Complaint* ("Complaint") against Defendants was served according to law via personal service. The Court has read the pleadings and the papers on file, and is of the opinion that the allegations of the Complaint have been admitted by Defendants. The Court further finds that Plaintiff does not seek monetary damages against Defendants, but instead seeks a certain declaration and a judgment allowing foreclosure of the real property which is the

subject of this matter.

## II.

In light of Defendants' default and the nature of Plaintiff's claims, the Court orders as follows:

It is **ORDERED, ADJUDGED, AND DECREED** that the material allegations of the Complaint be and are deemed admitted as to Defendants. It is further,

**ORDERED, ADJUDGED AND DECREED** that an event of default has occurred on that certain *Home Equity Note* (the "Note") executed on or about December 13, 2010, by Guillermo R. Benavidez and Angela M. Benavidez payable to American General Financial Services, Inc. It is further,

**ORDERED, ADJUDGED AND DECREED** that that certain *Home Equity Deed of Trust* (the "Security Instrument") dated December 13, 2010, signed by Guillermo R. Benavidez and Angela M. Benavidez, and recorded as Document No. 106707 in the official public records of Matagorda County, Texas (hereafter "Security Instrument"), provides Plaintiff, as the current holder of the Note and mortgagee of the Security Instrument, in the event of a default on the obligations on the Note, with a first lien security interest on that certain real property commonly known as 202 Avenue I, Markham, TX 77456 ("Property"), and more particularly described as follows:

> A portion of BLOCK NO. 111, of the MARKHAM TOWNSITE, Plat of which is dated June 6, 1903, and recorded in Volume 11 on Page 387, Deed Records of Matagorda County, Texas, and which 0.225 acres of land is more particularly described as follows:
>
> BEGINNING at ½ inch steel rod set, for the East corner of the above mentioned BLOCK NO. 111 and the East corner of this tract;

THENCE N. 31 deg. 00' W. 75.33 feet along the Northeast line of the above mentioned BLOCK NO. 111 to a ½ inch steel rod set for the North corner of this tract;

THENCE S. 59 deg. 00' E. 130.0 feet to a ½ steel rod set for the West corner of this tract;

THENCE S. 31 deg. 00' E. 75.33 feet to a ½ inch steel rod set for the South corner of this tract in the Southeast line of the above mentioned BLOCK NO. 111;

THENCE N. 59 deg. 00' E. 130.0 feet along the Southeast line of the above mentioned BLOCK NO. 111 to the PLACE OF BEGINNING, CONTAINING 0.225 Acres of land, more or less, of which there is a strip of land 5 feet wide off the Southwest side of this tract to be used for utility purposes..

It is further,

**ORDERED, ADJUDGED AND DECREED** that Plaintiff is the current holder and owner of the Note and beneficiary of the Security Instrument. It is further,

**ORDERED, ADJUDGED AND DECREED** that the following are secured by the Security Instrument on the Property: the outstanding balance of the Note; prejudgment interest; post-judgment interest; and costs of court. It is further,

**ORDERED, ADJUDGED AND DECREED** that due to event of default on the Note, Plaintiff, or its successors or assigns, may enforce its Security Instrument against the Property through non-judicial foreclosure of the Property as provided in the Security Instrument and section 51.002 of the Texas Property Code. It is further,

**ORDERED, ADJUDGED AND DECREED** that any purchaser of the Property shall be vested with full title to the Property. It is further,

**ORDERED, ADJUDGED AND DECREED** that all foreclosure notices shall be mailed to Defendants Guillermo R. Benavidez, Mary Helen Benavidez, and Guillermo W. Benavidez at 202 Avenue I, Markham, TX 77456. All foreclosure notices shall be mailed to Defendant Yolanda Benavidez Johnson at 120 2nd Street E., Markham, Texas 77456. All foreclosure notices

shall be mailed to Defendant Cynthia Ann Benavidez at 3788 Dutch Valley Road, Clinton, TN 37716. It is further,

**ORDERED, ADJUDGED AND DECREED** that all costs are to be taxed against Defendants, not as a personal judgment but as a further obligation on the debt. It is further,

**ORDERED, ADJUDGED, AND DECREED** that this is a final judgment that fully and finally disposes of all parties and all claims and may be appealed.

Signed this 23rd day of May, 2019.

_____
**UNITED STATES DISTRICT JUDGE**